Gordon, Robert B., J.
BACKGROUND
This case arises out of the December 10, 2010 death of Matthew Pattelena. Mr. Pattelena was staying with his girlfriend, Erin Caron, on December 10, 2011 when he experienced difficulty breathing. Ms. Caron dialed 911; but, due to a technical error in the telecommunications system, emergency personnel were dispatched to an incorrect address in Worcester rather than to Ms. Caron’s actual residence in Hubbardston. Mr. Pattelena died before emergency responders reached Ms. Caron’s correct address. Plaintiffs have brought, inter alia, claims for wrongful death and infliction of emotional distress against Charter Communications, Inc. (“Charter”), the business which provided telephone and enhanced 911 emergency service to Ms. Caron’s home. Plaintiffs’ claims are premised on the allegation that Charter deliberately and over an extended period of time disregarded and failed to correct known defects in its telecommunications system — defects which it knew resulted in hundreds of errant dispatches.
Charter has moved to dismiss the Plaintiffs’ First Amended Complaint, as well as the derivative cross claims of its two co-defendants, arguing that the facts pleaded therein fail to overcome the Habifity-limiting provisions of G.L.c. 6A, Sec. 18H. Charter maintains that the allegations put forward by the Plaintiffs assert no more than gross negligence and recklessness, and thus fail to state viable claims against a provider of enhanced 911 service. G.L.c. 6A, Section 18H, a statute enacted in 2008 as part of a more comprehensive set of amendments to the Commonwealth’s emergency telecommunications legislation, provides in pertinent part as follows:
No communication service provider or officers, directors, employees, vendors or agents shall be liable in any . . . civil action resulting from or caused by such providers for participation or omissions in the development, installation, operation, maintenance, performance or provision of enhanced 911 service except for wanton or willful misconduct.
G.L.c. 6A, Sec. 18H(g) (2008).
*295 DISCUSSION
Having had an opportunity to review Charter’s three companion Motions to Dismiss under Mass.R.Civ.P. 12(b)(6), and following a hearing, it is the judgment of this Court that these motions must be DENIED. Crediting the allegations of the Amended Complaint as true for purposes of testing its legal sufficiency, as this Court must in the precincts of Rule 12, see Nader v. Citron, 372 Mass. 96, 98 (1977), the Court finds that the factual assertions put forward against Charter in Counts 5 and 8 (and from which all of the Cross Claims of co-defendants City of Worcester and UMass Memorial Medical Center derive) are sufficient to suggest an entitlement to relief — even under the exacting “wanton or willful misconduct” standard of G.L.c. 6A, Section 18H.
Plaintiffs have done more in their pleading than merely attach the conclusory nomenclature of Section 18H to claims that in substance represent charges of simple negligence. Rather, the Amended Complaint accuses Charter of persistently, deliberately, and over an extended period of time disregarding and failing to rectify known flaws in its telecommunications system that allowed emergency 911 calls to be misdirected. With life and limb routinely at stake (and time obviously of the essence) in such emergencies, a reasonable juiy might find that Charter’s conduct amounted to a wanton or willful form of indifference — thereby qualifying for the liability exception to 911 service provider immunity under G.L.c. 6A, Section 18H.
The thrust of Charter’s motions is to point out that the Amended Complaint repeatedly charges Defendants with “willful, wanton or reckless” actions in failing to correct known flaws in a telecommunications system that they were on notice tended to produce erroneous data transmittals and thereby exposed users to a likelihood of substantial harm. Charter argues that “reckless” conduct, as alleged, is in all circumstances insufficient to meet the standard of “wanton or willful misconduct” prescribed by Section 18H, because it falls short of actual intent. The Court does not agree. Although recklessness does, to be sure, fall short of the intentionalify suggested in the term “willful,” reckless acts and omissions may in some circumstances bear the attributes of “wanton” misconduct. Indeed, the very SJC decision upon which Charter principally relies in its motions — Sandler v. Commonwealth, 419 Mass. 334 (1995) — makes this point in rather explicit terms, conflating the terms “willful,” “wanton” and “reckless” for many purposes under both tort and criminal law. The decision is worth quoting at length:
The judge used the words “wilful, wanton or reckless” in instructing the jury but defined them by the standard this court has used for wanton or reckless conduct. This was appropriate because wilfulness in the sense of an intention to cause harm was not presented by the facts. Indifferent or reckless wrongdoing is not deliberate or intentional wrongdoing. Wanton conduct may suggest arrogance, insolence, or heartless-ness that reckless conduct lacks, but the difference is likely not to be significant in most cases. Our recent practice has been simply to refer to reckless conduct as constituting the conduct that produces liability for what the court has traditionally called wilful, wanton, or reckless conduct.
Sandler, 419 Mass. at 335 (emphasis added, citations and quotations omitted).
After thus melding the concepts of “willful, wanton and reckless” into an integrated standard that, leaving aside the notion of deliberate intentionalify embraced by the first term in this sequence, embodies traditional attributes of recklessness, the Sandler Court went on to expound the meaning of recklessness in the context of a disregard of known risks:
Reckless failure to act involves an intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another. The risk of death or grave bodily injury must be known or reasonably apparent, and the harm must be a probable consequence of the defendant’s election to run that risk or of his failure reasonably to recognize it.
According to our cases, the degree of risk that will warrant a finding of reckless conduct can involve an imputation of intentional conduct to a person who in fact did not realize the gravity of the danger . . . This court’s recognition of a fictional or constructive intention and this court’s representation that wanton or reckless conduct is different in kind from negligence do not much help in differentiating [between them].
Sandler, 419 Mass, at 337 (emphasis added, citations omitted).
Charter rightly acknowledges that Sandler articulates the correct standard for when the liability immunify for 911 service providers may be overcome per the terms of Section 18H. Charter argues, however, that this standard does not include the tort concept of recklessness (presumably because Section 18H uses the term “wanton or willful” and omits the word “reckless” from its test). On this point, the Court does not agree, and reads Sandler as stating precisely the opposite. Namely, once a deliberate intention to cause harm is removed from the equation (acknowledging that “willfulness” certainly includes this species of mens rea], the notion of what is “willful, wanton or reckless” boils down to pretty much the same thing— viz., the traditional tort concept of a deliberate or unreasonable disregard of a known risk carrying a high likelihood substantial harm. See Sandler, supra. Accord Commonwealth v. Welansky, 316 Mass. 383, 398 (1944) (‘The words ‘wanton’ and ‘reckless’ are *296 practically synonymous”). That Section 18H employs the term “wanton or willful” rather than “willful, wanton or reckless” is of no moment because, as Sandler teaches, the terms are essentially interchangeable outside the context of specific intent. See Manning v. Nobile, 411 Mass. 382, 388 n.8 (1991) (“The terms ‘wilful,’ “wanton,’ and ‘reckless’ are often used interchangeably. Nothing turns on the absence of one or another of these terms”). This Court thus cannot agree with Charter’s contention that Section 18H’s standard for liability is something substantially greater than recklessness, and requires — if not specific intent — at least something very closely approximating it.[1] After all, if the Legislature had intended to require specific intent, it would surely have adopted a conjunctive phrase like “willful and deliberate” to reflect it, rather than the standard of “wanton or willful” (emphasis added) — wantonness being unmistakably in the disjunctive.
It is true that the decision in Sandler ultimately concludes that the particular indifference to risk exhibited in that case — to wit, the MDC’s failure to remedy defects in a tunnel on a traveled bikeway — did not rise to the level of wanton or reckless conduct. The Court’s holding, however, makes clear that the shortfall in the evidence was the relatively lesser risk of “serious injury” presented by the particular facts. The holding was not a broader pronouncement that failure to remedy known defects in property can never qualify as willful, wanton or reckless conduct.
The Court acknowledges that Plaintiffs face a rather substantial burden to demonstrate that the acts or omissions of Charter, to the extent they proximately caused the subject injuries at all, rise to the level of “wanton or willful” behavior. Indeed, this issue may well commend itself to revisitation in a post-discovery motion for summary judgment. However, crediting the allegations of the Amended Complaint at the Rule 12 stage, this Court is of the view that a jury could permissibly find that an intentional disregard of flaws in Charter’s 911 emergency notification system created a sufficiently serious risk of grave harm to allow for such liability under G.L.c. 6A, Sec. 18H.
CONCLUSION AND ORDER
For all the foregoing reasons, Charter’s Motion to Dismiss Plaintiffs Amended Complaint, Motion to Dismiss Defendant City of Worcester’s Amended Cross Claim, and Motion to Dismiss Defendant UMass Memorial Medical Center’s Amended Cross Claim are DENIED.

 Charter stops short of reciting the specific test for liability that it believes Section 18H imposes in all circumstances, but suggests in several places within its memoranda that defendant conduct which is “wanton” would require that thresholds like “insolence” or “heartlessness” be cleared. See, e.g., Charter’s Memorandum of Law in Support of Motion to Dismiss Amended Complaint, at p.7. Sandler, however, merely states that wantonness may (not must) suggest a heartlessness or insolence lacking in recklessness, see Sandler, supra at 335, and then goes on to state that the difference is insignificant in most cases and that the liability standard is in fact substantively the same. Id. Accord Commonwealth v. Flaherty, 57 Mass.App.Ct. 150, 153 (2003).